19-2861(L)
Laborers' Int'l Union of N. Am. v. N.L.R.B.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                  *Circuit Judges.*

_____

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 91,

              *Petitioner-Cross-Respondent*,

         v.                                              19-2861-ag
                                                         19-3009-ag

NATIONAL LABOR RELATIONS BOARD,

              *Respondent-Cross-Petitioner.*

_____

Appearing for Petitioner-Cross-Respondent:     Joseph L. Guza, Lipsitz Green Scime Cambria LLP (Robert L. Boreanaz, *on the brief*), Buffalo, NY.

Appearing for Respondent-Cross-Petitioner:     Jared D. Cantor, Senior Attorney, Kira Dellinger Vol, Supervisory Attorney, *for* Peter B. Robb, General Counsel, Alice B. Stock, Deputy General Counsel, Ruth E.

Burdick, Acting Deputy Associate Counsel, David Habenstreit, Assistant General Counsel, National Labor Relations Board, Washington, DC.

On petition for review of the August 12, 2019 decision and order of the National Labor Relations Board and cross-petition for enforcement.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED**.

Petitioner-Cross-Respondent Laborers' International Union of North America, Local Union No. 91 (the "Union") petitions for review and the National Labor Relations Board ("NLRB") cross-petitions for enforcement of NLRB's August 12, 2019 decision and order. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The underlying NLRB decision concluded that the Union had committed multiple violations of Section 8(b)(1)(A) of the National Labor Relations Act (the "Act") by engaging in retaliatory conduct against union member Ronald Mantell. *See Laborers' Int'l Union of N. Am., Local Union No. 91 (Scufari Constr. Co., Inc.)*, 368 N.L.R.B. No. 40, 2019 WL 3812447, at *3-5 (Aug. 12, 2019). Mantell was a union member who regularly received referrals for jobs through the Union's "out-of-work" list between 1990 and late 2015. On November 12, 2015, Mantell's brother, Frank Mantell, filed charges against the Union alleging that he had been unlawfully taken off the out-of-work list due to comments he posted on social media criticizing the Union and its leadership. After November 4, 2015, Mantell received no referrals through the out-of-work list. The administrative law judge ("ALJ") concluded that the Union had violated the Act by (1) threatening to bring internal union charges against Mantell if he contacted NLRB regarding his lack of referrals and (2) refusing to show Mantell the current out-of-work list upon his request, which was a departure from prior Union practice. The ALJ also concluded, however, that NLRB had not presented sufficient evidence of retaliatory animus to explain Mantell's lack of referrals and dismissed this claim.

NLRB's General Counsel sought review of the ALJ's findings. In relevant part, NLRB reversed the ALJ's rulings regarding Mantell's lack of referrals, concluding that there was sufficient evidence to suggest that the Union had retaliatory animus in refusing to refer Mantell for jobs after his brother filed a charge against the Union in November 2015. NLRB ordered the Union to, inter alia, permit Mantell to review the out-of-work list again, compensate Mantell for any loss of earnings and other benefits, and notify Mantell in writing that the Union would refer him from its out-of-work list "in his rightful order of priority." J. App'x 392. Because the Union filed no cross-exception or response to the General Counsel's exceptions to the ALJ's decision, NLRB adopted the ALJ's conclusions that the Union had also violated Section 8(b)(1)(A) by threatening Mantell with internal union charges and by refusing to let Mantell see the out-of-work list. The Union did not move for reconsideration of the August 12, 2019 order before NLRB.

2

The Union now petitions for review of the order, and NLRB cross-petitions for enforcement. We enforce NLRB orders if the legal conclusions "have a reasonable basis in law" and the factual findings are "supported by substantial evidence." *N.L.R.B. v. Special Touch Home Care Servs., Inc.*, 708 F.3d 447, 453 (2d Cir. 2013) (internal quotation marks omitted).

In its cross-petition, the General Counsel asserts that the Union's arguments in this petition for review are barred because it failed to raise them in any cross-exception or responsive brief before NLRB below. We agree.

In proceedings before NLRB, Section 10(e) of the Act governs waiver. "No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. §160(e). NLRB's rules and regulations also state that any matter "not included in exceptions or cross-exceptions may not thereafter be urged before the Board, or in any further proceeding." 29 C.F.R. § 102.46(f). In an answering brief to a party's exceptions before NLRB, the opposing party may defend an ALJ's favorable decision or file cross-exceptions of its own. *See* 29 C.F.R. §§ 102.46-(b), (c), (d).

This requirement is jurisdictional, so failing to complete it negates our power to hear new arguments presented in a petition to review. *See Woelke & Romero Framing, Inc. v. N.L.R.B.*, 456 U.S. 645, 666 (1982) ("[T]he Court of Appeals lacks jurisdiction to review objections that were not urged before the Board . . . ."); *accord N.L.R.B. v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 474 n.2 (2d Cir. 2009). This bar applies whenever a party fails to raise an objection before the Board, regardless of whether the ALJ had earlier made favorable findings on the point. *See N.L.R.B. v. DeBartelo*, 241 F.3d 207, 211 n.6 (2d Cir. 2001) (explaining that "where a party has prevailed before the ALJ but receives an adverse ruling from the Board, it waives any objections not preserved either through cross-exception to the ALJ's findings or a motion for reconsideration following the Board's decision" (citation omitted)).

Here, the Union failed to file any cross-exceptions or responsive briefing in opposition to the General Counsel's exceptions before NLRB. Moreover, the Union has not offered any argument countering NLRB's jurisdictional argument in its cross-petition for enforcement. The Union has failed to preserve the questions it raised in its petition for review. We therefore enforce the August 12, 2019 NLRB order.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED, and the cross-petition for enforcement is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3